IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE POUNCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:15-CV-61-MHT |
| | ) | [WO] |
| HOUSTON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Terrence Pouncey ("Pouncey"), a frequent federal litigant, presently incarcerated at the Houston County Jail.  In the instant complaint, Pouncey challenges conditions of confinement at the jail.

### II.  DISCUSSION

Upon initiation of this case, Pouncey filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Doc. No. 2.*  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury."[1]

The undersigned takes judicial notice of federal court records which establish that Pouncey, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.[2] The actions on which this court relies in finding a § 1915(g) violation by the plaintiff include: (1) *Pouncey v. City of Dothan, et al.*, Civil Action No. 1:11-CV-10-ID (M.D. Ala. 2011); (2) *Pouncey v. Stokes, et al.*, Civil Action No. 1:11-CV-456-MEF (M.D. Ala. 2011); and (3) *Pouncey v. City of Dothan, et al.*, Civil Action No. 1:11-CV-695-WHA (M.D. Ala. 2011).[3]

In the instant complaint, Pouncey alleges that: (i) The jail is cold at night due to insufficient heating; (ii) He shares a toilet with other inmates and the toilet only flushes at set intermittent periods of time; (iii) Bedding materials are inadequate; (iv) Food portions are unsatisfactory; (v) He was placed in lock-up for a 15-hour period for sitting on the

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

[2] In evaluating whether Pouncey has three strikes, this court may properly take judicial notice of its records. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

[3] *Available at http://pcl.uscourts.gov/*.

steps; (vi) The toilet paper, toothpaste and soap provided by jail personnel are insufficient; (vii) The law library does not contain ample legal references; (viii) Legal mail is opened outside his presence; (ix) Medical personnel removed a cast from his foot, performed an x-ray but provided no further treatment for his foot and provided only Motrin after he fell in the shower; (x) Personal items of clothing are taken upon entry into the jail; and (xi) The television channels provided for viewing are not to his liking. *Complaint - Doc. No. 1* at 3. Pouncey names the Houston County Jail as the defendant in this case.[4]

The claims set forth by Pouncey regarding conditions present at the jail do not allege the complete denial of basic necessities; instead, Pouncey merely projects his subjective belief that the factors about which he complains are not sufficient to meet his personal needs. With respect to the claims regarding medical treatment, the complaint makes clear that Pouncey has access to health care personnel for treatment of medical issues and the treatment provided was/is undertaken in accordance with their professional judgment. Finally, the claims challenging sufficiency of the law library, confiscation of personal clothing and television programming do not implicate physical injury.

The court has carefully reviewed the claims presented in the instant complaint. Based on this review, the court concludes that the conclusory allegations made by Pouncey fail to demonstrate that he was "under imminent danger of serious physical injury" at the

---

[4] A county jail is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (general and/or conclusory allegations are not sufficient to establish the requisite imminent threat of serious physical harm); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (Imminent danger exception available only when consequence "is 'serious physical injury.'").  Consequently, Pouncey cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Pouncey's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Pouncey failed to pay the requisite filing fee upon initiation of this case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

4

1. The motion for leave to proceed *in forma pauperis* filed by Terrence Pouncey on January 27, 2015 (Doc. No. 2) be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 12, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of January, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE